UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LOUIS PAUL DAIGLE | CIVIL ACTION NO. 6:16-cv-01445 |
| VERSUS | JUDGE TRIMBLE |
| U.S. COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

## RULING ON MOTION

Currently pending is the motion for authorization of attorneys' fees pursuant to 42 U.S.C. § 406(b), which was filed by Matthew D. Lane, Jr., the attorney for Social Security disability benefits claimant Louis Paul Daigle. (Rec. Doc. 19). Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, responded to the motion. (Rec. Doc. 21). For the following reasons, the motion is granted.

## Background

When Mr. Lane undertook his representation of Mr. Daigle with regard to his Social Security disability claim, Mr. Daigle executed a contingency fee agreement agreeing that Mr. Lane would be entitled to a fee of twenty-five percent of any past-due benefits that he might ultimately be awarded. (Rec. Doc. 19-2). Mr. Lane then represented Mr. Daigle in appealing an adverse ruling by the Commissioner of Social Security.

In October 2016, Mr. Lane filed this lawsuit on behalf of Mr. Daigle, seeking to have the adverse ruling reversed. Mr. Lane's efforts were successful, and Mr. Daigle prevailed in this action when a judgment was issued reversing the Commissioner's unfavorable ruling and remanding the matter to the Commissioner of Social Security for further review. (Rec. Doc. 13). Then, on November 5, 2018, Administrative Law Judge Kim A. Fields issued a fully favorable ruling, finding that Mr. Daigle has been disabled since December 12, 2014. (Rec. Doc. 19-3 at 5-11).

Mr. Lane filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Rec. Doc. 16). The Commissioner did not oppose the motion, and a judgment awarding attorneys' fees in the amount of $2,117.50 was entered on March 21, 2018. (Rec. Doc. 18). In his briefing, Mr. Lane represented that the award of attorneys' fees in the amount of $2,117.50 was subsequently paid. (Rec. Doc. 19-1 at 1).

On June 20, 2018, the Social Security Administration notified Mr. Daigle that he would be receiving monthly benefits going forward, and that he was eligible for Medicare hospital insurance, medical insurance, and prescription drug coverage. (Rec. Doc. 19-4 at 1-5). This letter also advised that twenty-five percent of Mr. Daigle's past-due benefits – a sum of $19,842.25 – was being withheld in case a fee to her lawyer was requested and approved. (Rec. Doc. 19-4 at 3). Accordingly, Mr.

Daigle was awarded more than $59,000.00 in past due benefits (excluding the sum withheld for payment of attorneys' fees).

On January 22, 2019, Mr. Lane filed a petition for approval of a fee of $7,875.00 under 42 U.S.C. § 406(a) in connection with the services he provided in representing Mr. Daigle before the Social Security Administration. (Rec. Doc. 19-5). Mr. Lane now seeks an award of $11,967.25 in attorneys' fees for his efforts before the court ($19,842.25 withheld from past due benefits minus the requested Section 406(a) fee of $7,875.00) under 42 U.S.C. § 406(b) and in accordance with the terms of the contingency fee agreement between he and Mr. Daigle.

## Analysis

Mr. Lane is entitled to apply, under 42 U.S.C. § 406(a), for a fee for his efforts before the agency, and he is also entitled to apply, under 42 U.S.C. § 406(b), for an award of fees for his work before the court. Section 406(b) reads, in pertinent part, as follows: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." The Fifth Circuit interprets Section 406 as precluding the combination of agency fees under Section 406(a) and court fees under Section 406(b) from

3

exceeding twenty-five percent of a claimant's past-due benefits.[1] In order to harmonize the fees available under the two sections of the statute, Mr. Lane is seeking to recover an amount under Section 406(b) that accounts for his earlier fee request under Section 406(a). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"[2] Therefore, Mr. Lane represented in his briefing that if an award is authorized under Section 406(a) and also under Section 406(b), he will refund the EAJA fee of $2,117.50 that he previously received. (Rec. Doc. 19-1 at 2, n. 9; Rec. Doc. 19-1 at 8).

Mr. Lane requested an award of $11,967.25, an amount that represents 25% of the total past-due benefits that were awarded to Mr. Daigle ($19,842.25) less the $7,875.00 in Section 406(a) fees that were previously applied for. Thus, the requested fee comports with the controlling law.

---

[1] *Rice v. Astrue*, 609 F.3d 831, 835 (5th Cir. 2010); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

[2] *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186.)

In support of his motion, Mr. Lane submitted a copy of the contingency fee agreement between he and Mr. Daigle, which provides for attorneys' fees of "twenty-five percent (25%) of any and all past-due benefits awarded to my family and me." (Rec. Doc. 19-2 at 1). He submitted a time sheet (Rec. Doc. 16-2) detailing the 12.1 hours that he spent providing professional services to Mr. Daigle with regard to the appeal. Mr. Lane also represented that he spent an additional 2.0 hours preparing the instant motion and associated filings, for a total of 14.1 hours spent on this matter in this court. (Rec. Doc. 19-1 at 6). Mr. Lane acknowledged that if he is awarded the sum requested in the motion, he will be required to refund the EAJA award of $2,117.50 to Mr. Daigle. The Commissioner agrees that Mr. Lane is entitled to a reasonable fee for court-related representation, but defers to the court's determination of the reasonableness of the amount requested by Mr. Lane. (Rec. Doc. 21).

Mr. Lane and the Commissioner agree that Section 406(b), quoted above, governs his attorneys' fee application. This Court concurs. Section 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court.[3] The statute does not displace contingent-fee agreements within the statutory ceiling; instead, it instructs courts to review for reasonableness the fees calculated

---

[3] *Murkeldove v. Astrue*, 635 F.3d 784, 788 (5th Cir. 2011).

5

based on such agreements.[4] Although the application of the lodestar method (hours reasonably spent on the case times reasonable hourly rate) to calculate fees under Section 406(b) was expressly rejected, a claimant's attorney may be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases as aids to the court's evaluation of the reasonableness of the fee yielded by the fee agreement.[5] Additionally, a downward adjustment is permitted in order to prevent a "windfall" for the lawyer if the benefits resulting from the contingency fee are large in comparison to the amount of time the lawyer actually spent on the case.[6]

This led to confusion concerning the role that the lodestar calculation should play in calculating a reasonable contingency fee. The Fifth Circuit examined the issue and held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage."[7] The windfall evaluation may take into consideration an effective hourly rate "but only so long as this mathematical

---

[4]  *Gisbrecht v. Barnhart*, 535 U.S. 789, 897 (2002); *Jeter v. Astrue*, 622 F.3d 371 (5th Cir. 2010).

[5]  *Gisbrecht v. Barnhart*, 535 U.S. at 808.

[6]  *Gisbrecht v. Barnhart*, 535 U.S. at 808.

[7]  *Jeter v. Astrue*, 622 F.3d at 380.

calculation is accompanied by a consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him."[8] The court explained that the "windfall" does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work – even if he managed to accomplish a great deal in a small window of time."[9] The Fifth Circuit left to the district courts the formulation of factors that might be considered in determining whether the attorney's success on appeal was the result of his own hard work.

Mr. Lane argued that the contingency fee agreement complies with the provisions of Section 406(b) and is reasonable in light of the results achieved and the factors set forth by the Supreme Court in *Gisbrecht*. This Court agrees.

Dividing the requested sum of $11,967.25 by the 14.1 hours expended by Mr. Lane yields a high effective hourly rate of $848.74 per hour. However, the other factors that this Court finds worthy of consideration outweigh any windfall that might be perceived as resulting from this higher-than-usual effective hourly rate. Although successful appeals of adverse rulings are rare in Social Security disability

---

[8]     *Jeter v. Astrue*, 622 F.3d at 380.

[9]     *Jeter v. Astrue*, 622 F.3d at 381.

cases, Mr. Lane's efforts in this case resulted in the reversal of an adverse ruling and the award of a significant amount of past-due benefits as well as ongoing monthly disability benefits and Medicare coverage. This must be balanced against the many unsuccessful cases that result in no compensation for a claimant's attorney. The representation provided in this case was professional and competent. Mr. Lane restricts his practice primarily to the area of Social Security disability law and is one of only a few attorneys in the area who represent Social Security claimants in federal court. He has significant experience in that field as well as sterling academic credentials and solid litigation experience. Therefore, although Mr. Lane's effective hourly rate for the work performed in this case high, this Court finds that the requested fee is reasonable and not attributable to anything other than the attorney's own work. Mr. Daigle likely would have received no benefits had Mr. Lane not presented successful arguments on appeal. His arguments led to Mr. Daigle receiving approximately $59,000.00 in past-due benefits (excluding the sum sought to be recovered by counsel) plus continuing monthly payments and health insurance coverage. This meaningful package of benefits merits fair and adequate compensation for the attorney. The Court has reviewed the fee application and finds that the requested fee award of $11,967.25 is reasonable in light of the circumstances and should be approved.

Mr. Lane represents that the previously-ordered EAJA award of $2,117.50 will, upon receipt of the Section 406(a) and Section 406(b) fee awards, be refunded to Mr. Daigle as required by the statute under these circumstances.

Accordingly;

IT IS ORDERED that the motion (Rec. Doc. 19) is GRANTED, and the Court awards fees in the amount of $11,967.25, to be paid from the past-due benefits held by the Commissioner for such purposes.

IT IS FURTHER ORDERED that, upon receipt of the Section 406(a) and Section 406(b) fees, Mr. Lane shall return to Ms. Champagne the $2,117.50 in EAJA fees that were awarded earlier in this case.

Signed at Lafayette, Louisiana on March 8th, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE